IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICKI L. WOFFORD et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-5637 |
| | : | |
| UNITED FINANICAL CASUALTY COMPANY d/b/a PROGRESSIVE COMMERCIAL | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **July 29, 2026**

Plaintiffs Vicki L. Wofford and Gerald C. Wofford (collectively the "Woffords") bring this class action against Defendant United Financial Casualty Company d/b/a Progressive Commercial ("Progressive"), alleging Progressive systematically misuses a regular use exclusion to deny claims for uninsured motorist coverage in violation of Pennsylvania law. Progressive has moved to dismiss Plaintiffs' declaratory judgment claim with prejudice as duplicative of their breach of contract claim. Because the Woffords' declaratory judgment claim may serve as a valid basis for class certification at a later stage, the Court will deny the motion to dismiss.

**BACKGROUND**

On March 5, 2023, Vicki Wofford was driving in Armstrong County, Pennsylvania when her car was hit by another vehicle. Am. Compl. ¶¶ 15-16, Dkt. No. 10. This other driver was uninsured and completely at fault for the collision. *Id.* ¶¶ 16-18. Vicki sustained serious and permanent injuries as a result of the crash. *Id.* ¶ 19. At the time of the accident, Vicki's husband, Gerald Wofford, had a personal auto insurance policy from Donegal Mutual Insurance Company ("Donegal"). *Id.* ¶¶ 2, 20. This policy provided $100,000/$300,000 in uninsured motorist benefits, stacked for two vehicles in the Woffords' household, including Vicki's car. *Id.* ¶¶ 21, 22. Gerald

also had an insurance policy from Progressive that provided $250,000/$500,000 in stacked uninsured motorist coverage for another vehicle in the Woffords' household. *Id.* ¶¶ 23-24.

After the collision, Vicki filed a claim with Donegal and received $200,000 in coverage, the limit of that policy. *Id.* ¶¶ 26-27. This amount was not enough to fully compensate Vicki for her damages. *Id.* ¶ 28. The Woffords then sought coverage for the rest of the damages from Progressive. *Id.* On March 7, 2025, Progressive denied coverage. *Id.* ¶ 29. It claimed the regular use exclusion in its insurance policy barred coverage for Vicki because the car was registered to her and not under Progressive's policy.[1] *Id.* ¶¶ 30, 37-38. The Woffords argue the regular use exclusion is not applicable because dual recovery is available between household policies and Progressive's position violates established Pennsylvania precedent.[2] *Id.* ¶¶ 41-47.

On August 25, 2025, the Woffords filed a complaint against Progressive in the Court of Common Pleas of Philadelphia County, asserting claims for declaratory relief (Count I) and statutory bad faith (Count II) on behalf of a putative class, and for breach of contract (Count III) on behalf of themselves individually. Dkt. No. 1-1. On September 30, 2025, Progressive removed the case to this Court based on diversity jurisdiction. Dkt. No. 1. On October 20, 2025, Progressive filed a partial motion to dismiss. Dkt. No. 9. In response, the Woffords filed an amended complaint

---

[1] The regular use exclusion allegedly excludes coverage for "bodily injury sustained by any person using or occupying . . . an auto or device of any type designed to be operated on the public roads that is owned by, furnished to or available for the regular use of you or, if the named insured is a natural person, a relative, other than an insured auto . . . ." Am. Compl. ¶ 30.

[2] The Woffords cite various state cases to support their conclusion. *Id.* ¶¶ 41-47 (citing *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 132 (Pa. 2019); *Rush v. Erie Ins. Exch.*, 308 A.3d 780, 782 (Pa. 2024)).

on October 23, 2025.[3] Dkt. No. 10. On November 6, 2025, Progressive filed another partial motion to dismiss. Dkt. No. 13. Like the earlier motion, the instant motion only seeks dismissal of Count I.

**STANDARD OF REVIEW**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, the complaint must show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. In evaluating a Rule 12(b)(6) motion, a district court must separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must assume the truth of all well-pleaded factual allegations, construe the facts and the reasonable inferences therefrom "in a light most favorable to the [plaintiff,]" and "determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Labs., LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

Progressive moves to dismiss the Woffords' declaratory relief claim with prejudice because it is duplicative of their breach of contract claim. The Woffords contend this motion is an attempt to defeat class certification in this case. The Court will deny Progressive's motion because the

[3] Because the Woffords filed an amended complaint, Progressive's first motion to dismiss is moot. The Court will accordingly dismiss that motion and only consider Progressive's Partial Motion to Dismiss Plaintiffs' Amended Complaint.

dismissal of the declaratory relief claim would prematurely eliminate a potential basis for class certification.

The Declaratory Judgment Act states a Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. This language "contemplates that district courts will exercise discretion in determining whether to entertain such actions." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000). Federal Rule of Civil Procedure 57 clarifies that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." But "declaratory judgments [should] 'have utility' and 'be of significant practical help in ending the controversy.'" *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) (first quoting *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1155 (3d Cir. 1995); then quoting *Step-Saver Data Sys. v. Wyse Tech.*, 912 F.2d 643, 650 (3d Cir. 1990)). Indeed, a "federal court should . . . decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Summy*, 234 F.3d at 135.

Progressive argues the Woffords' declaratory judgment claim is entirely duplicative based on two cases in which other courts in this district dismissed similar claims. *See Butta*, 400 F. Supp. 3d at 231-34; *Ford v. Progressive Specialty Ins. Co.*, 588 F. Supp. 3d 589, 598 (E.D. Pa. 2022). The Court will not follow these cases at this time and finds in its discretion that the declaratory judgment claim does have utility. Using their declaratory judgment claim, the Woffords can seek class certification through Federal Rule of Civil Procedure 23(b)(2), which applies to parties seeking "final injunctive relief or corresponding declaratory relief." The Court cannot determine at this early stage of the case whether the Woffords will be able to certify a class under this rule. "[D]ismissing declaratory judgment claims prematurely can unfairly eliminate the possibility of

class-wide relief, rendering speculation about duplicative relief inappropriate at the inception of a case." *Gordon v. Arch Ins. Co.*, No. 21-1911, 2021 WL 2186392, at *2 (E.D. Pa. May 28, 2021) (citing *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 422 (E.D. Pa. 2016)). So the Woffords' declaratory judgment claim can practically help end the controversy. The Court will therefore deny Progressive's motion.

**CONCLUSION**

Later in this litigation, Progressive may be able to show that this declaratory judgment claim is indeed duplicative and without utility. But at this early stage, the Woffords' declaratory judgment claim may still have some use to the litigation, particularly in certifying a class. The Court will therefore deny the motion to dismiss.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.